IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY HUNT,

    Plaintiff,

v.

ELAINE CHAO, Secretary U.S. Department of Labor,

    Defendant.

No. C 05-05364 JSW

**ORDER CONTINUING HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On June 30, 2008, the Court received Plaintiff's request for a continuance.[1] The Court HEREBY CONTINUES the hearing on Defendant's motion for summary judgment to **August 29, 2008** at 9:00 a.m. in Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California. Plaintiff's opposition to Defendant's motion for summary judgment is due by **August 8, 2008.** If no opposition is filed, summary judgment may be granted and Plaintiff's case will be dismissed. Defendant's reply, if any, is due by **August 15, 2008.**

The Court reiterates that Plaintiff has an obligation to file an opposition to Defendant's motion and failure to do so may result in the dismissal of this case with prejudice. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end Plaintiff's case. *See Rand v. Rowland* 154 F.3d 952, 953-54 (9th Cir.1998) (en banc). A

---

[1] Although Plaintiff filed a "motion for continuance" and noticed it for August 8, 2008, his request to continue the hearing and have more time to file his opposition should have been filed as a motion for administrative relief in accordance with Civil Local Rule 7-11. Because Plaintiff is *pro se*, the Court will construe his motion for a continuance as an administrative motion. Plaintiff is advised that any further requests for continuances should be filed in accordance with Civil Local Rule 7-11, should specify how much time is requested, and should provide a reason for needing such time.

1  principal purpose of the summary judgment procedure is to identify and dispose of factually
2  supported claims. *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). In order to
3  withstand a motion for summary judgment, the opposing party must set forth specific facts
4  showing that there is a genuine issue of material fact in dispute. Fed. R. Civ. P. 56(e). A
5  dispute about a material fact is genuine "if the evidence is such that a reasonable jury could
6  return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248
7  (1986). In the absence of such facts, "the moving party is entitled to a judgment as a matter of
8  law." *Celotex Corp.*, 477 at 323. In opposing summary judgment, Plaintiff is not entitled to
9  rely on the allegations of his complaint. *See* Fed. R. Civ. P. 56(e); *cf. S. A. Empresa de Viacao*
10 *Aerea Rio Grandense* (*Varig Airlines*) *v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir.
11 1982) (stating that "a party cannot manufacture a genuine issue of material fact merely by
12 making assertions in its legal memoranda"). Rather, Plaintiff's response must set forth specific
13 facts supported by admissible evidence, i.e., affidavits or certified deposition testimony,
14 showing that there is a genuine issue for trial. *See id.*; *see also Keenan v. Allan*, 91 F.3d 1275,
15 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995),
16 and stating that it is not a district court's task to "scour the record in search of a genuine issue of
17 triable fact"). If summary judgment is granted, Plaintiff's case will be dismissed and there will
18 be no trial. *See Rand v. Rowland* 154 F.3d at 953-54.

19 **IT IS SO ORDERED.**

21 Dated: July 1, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HUNT,

        Plaintiff,

  v.

CHAO et al,

        Defendant.

Case Number: CV05-05364 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 1, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory Hunt
1907 108th Avneue
Oakland, CA 94603

Dated: July 1, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk